# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7136 | **DATE** | January 18, 2011 |
| **CASE TITLE** | Michael Harris (N03870) vs. Dr. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed on his proposed complaint. The clerk is directed to issue summonses for service on the Defendants by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [3] is denied, and motion for extension of time to pay the filing fee [6] is moot.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Michael Harris is a prisoner at the Stateville Correctional Center. He alleges that the Defendant doctors and correctional officials at Stateville were deliberately indifferent to his medical needs caused by his diabetes. He also alleges personal liability claims against the supervisory and case worker Defendants for allegedly ignoring the numerous grievances he filed regarding the lack of proper medical care. Pending before the court is Plaintiff's motion for an extension of time to pay the $350 filing fee, (Dkt. No. 6), complaint for initial review, and motion for appointment of counsel. (Dkt. No. 4).

The court previously determined that Plaintiff had sufficient resources to pay the $350 filing fee. Plaintiff had over $1,000 in his prison trust fund account. On January 10, 2011, Plaintiff filed a motion for extension of time to pay the filing fee believing that it may take many months for the prison to process his request. (Dkt. No. 6). The court, however, received Plaintiff's $350 payment on January 11, 2011. Therefore, his motion for an extension of time is moot. Plaintiff has paid the fee and may proceed with his complaint.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Plaintiff's pro se complaint, liberally construed as required, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), states a claim upon which relief may be granted. Diabetes is an objectively serious medical condition, *see Egebergh v. Nicholson*, 272 F.3d 925, 928 (7th Cir. 2001), and Plaintiff has alleged that the Defendants were deliberately indifferent to his medical needs. *See Erickson*, 551 U.S. at 90 (setting forth the deliberate indifference standard); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Plaintiff also state a claim against the supervisory Defendants and other non-medical Defendants because he plausibly alleges that they facilitated, condoned or otherwise turned a blind eye to the medical Defendants' deliberate indifference. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)); *see also Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010) (allegation that warden knew or turned a blind eye to alleged constitutional violation raised via a prison grievance was sufficient to state a claim against the warden).

| STATEMENT |
|---|

    Plaintiff's motion for appointment of counsel (Dkt. No. 6), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, the court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). Plaintiff appears to have satisfied his obligation to seek counsel on his own, but the court notes that the complaint he filed on his own is coherent and articulate. It appears, at this time, that neither the legal issues raised in the complaint nor the evidence that might support the claim are so complex or intricate that a trained attorney is necessary. The next procedural step is also straightforward: Plaintiff simply needs to complete the USM-285 form which will be mailed to him by the Marshals Service. His request for counsel is therefore denied without prejudice.

    The clerk shall issue summonses forthwith and send the Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

    The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for the Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to former correctional employees who no longer can be found at the work address provided by the Plaintiff, the Illinois Department of Corrections and/or Wexford Health Services shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service
.
    The Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The Plaintiff must provide the original plus a Judge's copy of every document filed. In addition, the Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the Plaintiff.